**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4264

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KALID KORON OCEAN-AVENT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:20-cr-00017-D-1)

Submitted:  September 19, 2022                    Decided:  December 28, 2022

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the early morning hours of January 16, 2020, Kalid Koron Ocean-Avent ("Appellant") fled from law enforcement in Rocky Mount, North Carolina, and was apprehended when he crashed the vehicle he was driving and attempted to flee police on foot. After the crash, the police discovered a loaded gun in the area between the vehicle's two front seats. Appellant was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924. He timely appealed his conviction. We affirm.

Appellant argues that there was insufficient evidence to convict him because the United States (the "Government") failed to prove that he constructively possessed the firearm found in the vehicle. Reviewing de novo, *United States v. Smith*, 21 F.4th 122, 139 (4th Cir. 2021), we disagree. "Constructive possession is established if it is shown that the defendant exercised, or had the power to exercise, dominion and control over the item." *United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (en banc) (internal quotation marks omitted). There was sufficient evidence for a reasonable jury to conclude that Appellant knew about the gun, which was found along with his cellphone in an open compartment within his reach, and had a motive for carrying it because he was driving in an area known as a hub for gang activity. We have previously concluded that a defendant who "had both knowledge of and the ability to control" a gun, as well as a compelling reason for doing so, constructively possessed the gun. *See United States v. Moody*, 2 F.4th 180, 193 (4th Cir. 2021).

2

Similarly, "if a factfinder determines that a driver had dominion and control over a vehicle, that is sufficient to establish constructive possession of contraband hidden in that vehicle." *Moody*, 2 F.4th at 191 (emphasis deleted). Appellant did not dispute at trial that he was the driver of the vehicle. And his strange behavior at the time the officers first tried to make contact with him -- attempting to cover his face with his arm so that he could not be identified and driving away once one of the officers made eye contact with him -- suggests that Appellant utilized the vehicle to flee precisely because he had knowledge of the contraband inside. We have concluded that similar facts pointed to constructive possession of a vehicle and its contents. *See United States v. Branch*, 537 F.3d 328, 343 (4th Cir. 2008) ("Branch's nervousness, lack of truthfulness, and the presence of drugs and cash also support a reasonable inference that Branch both exercised control over the car and was aware of its contents, including the firearm."); *United States v. Herder*, 594 F.3d 352, 359 (4th Cir. 2010) ("[T]he evidence shows that Herder engaged in highly suspicious activity while being observed by Deputy Cable; that evidence plainly provides circumstantial proof of Herder's knowledge of the narcotics discovered in the vehicle he was operating.").

Appellant further argues that the district court erred by permitting the Government to introduce evidence of his membership in a street gang. We review the district court's denial of Appellant's motion in limine to exclude that evidence for abuse of discretion. *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012). Appellant asserts that his status as a gang member was not necessary to prove that he unlawfully possessed a firearm on January 16, 2020. "Evidence is necessary where it is an essential part of the crimes on

3

trial, or where it furnishes part of the context of the crime." *United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010) (internal quotation marks omitted). Although Appellant's status as a gang member did not independently establish any element of his crime of conviction, the evidence about his gang membership provided crucial context for his possession of the gun because he was patrolling an area controlled by the gang of which he was a member. This evidence, because it is more specific to Appellant than the officers' general testimony that the area was a hub for gang activity, illustrates Appellant's reasons for having the gun with him in the vehicle that night more substantively than the officers' testimony. In addition, the district court limited any risk of prejudice to Appellant by reminding the jury multiple times throughout the trial that it was not to consider Appellant's gang membership as proof of his bad character or propensity to commit crimes.

Even assuming the district court erred by admitting the evidence, the error was harmless. "[A]n error is harmless if it's highly probable that it did not affect the judgment." *United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021) (internal quotation marks omitted). That standard is met here because the evidence the Government presented at trial was sufficient to prove constructive possession of the gun in two ways, neither of which depended on Appellant's status as a gang member. Importantly, the jury acquitted Appellant of another charge of unlawful possession of a firearm stemming from an unrelated incident, which indicates that the jury was not substantially swayed on this charge by evidence that Appellant was a gang member.

Appellant also argues that the Government inadequately disclosed the opinions of its expert witness prior to trial. Because Appellant did not raise this issue in the district

4

court, we review for plain error. *United States v. Garcia-Lagunas*, 835 F.3d 479, 494 (4th Cir. 2016). Even if Appellant is correct that the Government's summary of the witness's testimony in its pretrial disclosures did not satisfy Federal Rule of Criminal Procedure 16(a)(1)(G), Appellant cannot demonstrate that the error affected his substantial rights. In the context of pretrial expert witness disclosures, the defendant must demonstrate "that more specific notice of the scope of [the expert's] testimony would have so changed the defense's ability to cross-examine him that the trial would have come out differently." *Garcia-Lagunas*, 835 F.3d at 494. But Appellant does not even attempt to do that here, aside from a general assertion that he was not able to challenge the reliability of the expert's opinions on cross-examination. But the expert testified that according to the criteria used by the local police, Appellant was a gang member on January 16, 2020. Appellant does not contest that fact, which was also mentioned by the officers who encountered and recognized him that night. Therefore, more specific notice of the basis for the expert's conclusion would not have impacted the course of the trial.

Lastly, Appellant argues that his trial counsel provided ineffective assistance because he did not inform Appellant that the Government possessed body camera footage from the night of his arrest that it would use against him at trial. Appellant made this assertion to the district court during his sentencing hearing and suggested that if he had known about the body camera footage, he would have pled guilty without going to trial. We review an ineffective assistance claim made on direct appeal de novo. *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc). However, a defendant like Appellant "who fails to file a motion for a new trial based on ineffective assistance"

5

pursuant to Federal Rule of Criminal Procedure 33 "may raise an ineffective assistance claim in the first instance on direct appeal only where the ineffectiveness conclusively appears from the record." *United States v. Russell*, 221 F.3d 615, 619 n.5 (4th Cir. 2000) (internal quotation marks omitted).  Appellant's ineffective assistance claim does not meet this standard because the success of his claim on direct appeal would require us to assume that his uncorroborated assertion that his trial counsel did not discuss the body camera footage with him is true.

Accordingly, for the foregoing reasons, we affirm Appellant's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*